IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD COURTNEY BIGGS,<br><br>    Defendant. | Case No. 1:15-cr-00225-AA<br>**OPINION AND ORDER** |

AIKEN, Judge:

Defendant Donald Courtney Biggs moves to continue the date of his jury trial, which had been set for December 4, 2017. He also moves to exclude the time of the continuance under the Speedy Trial Act. The government opposes the motion to continue. For the reasons set forth below, defendant's motion is granted.

In determining whether a continuance should be granted, I consider (1) defendant's diligence in preparing his case; (2) the likelihood the continuance would serve a useful purpose; (3) whether the continuance would inconvenience the parties, the court, or other witnesses; and (4) whether defendant would be prejudiced by the denial of a continuance. *United States v. Mejia*, 69 F.3d 309, 314 (9th Cir. 1995). I also bear in mind that, under the Crime Victims'

Page 1 – OPINION AND ORDER

Rights Act, victims have "the right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7).

Defense counsel, Terry Kolkey, was appointed to represent defendant on May 9, 2017. He is the third appointed counsel to represent defendant in this matter. Beginning in mid-August, Mr. Kolkey and Assistant United States Attorneys Amy Potter and Pamela Paaso engaged in substantial plea negotiations. All parties apparently believed a plea agreement was likely, as they joined in a September 28 motion to continue pretrial filing deadlines so they could focus on continuing negotiations. I granted that motion, keeping the December 4 trial date but continuing the pretrial conference to November 28, with pretrial filings due November 8.[1]

At the end of October, Ms. Potter and Ms. Paaso made an offer to defendant. That offer had been approved by their direct supervisor, but remained subject to final confirmation by a supervisor higher up the chain of command. The parties proceeded as though that approval would go through, discussing a date for a plea hearing and proposing statements of offense conduct for the plea agreement. On October 30, Mr. Kolkey learned that the supervisor had declined approval of the plea offer and that the case would be proceeding to trial.

Neither the government nor defendant was prepared for this turn of events, as demonstrated by their November 6 joint motion to extend the pretrial filing deadline to November 20. They disagreed, however, on whether to continue the trial date as well; Mr. Kolkey asserted he needed ninety additional days to prepare, while the government insisted the trial should continue as scheduled:

The fact that Mr. Kolkey needs ninety days to prepare for trial does not demonstrate a lack of diligence. After familiarizing himself with the law and facts at issue in this case, Mr.

---

[1] Previously, the pretrial conference was set for November 8 and pretrial filings were due October 16.

Page 2 – OPINION AND ORDER

Kolkey reasonably directed his efforts toward plea negotiations. The government maintains that the December 4 trial date always remained on the table and that Mr. Kolkey should have been preparing for trial during plea negotiations. But as a practical matter, that is simply not how criminal lawyers tend to approach cases. Moreover, the government's suggestion that Mr. Kolkey should have been simultaneously preparing for trial and engaging in negotiations is undercut by the fact that the government was not ready with pretrial filings on the previously-scheduled deadline. Importantly, Mr. Kolkey is defendant's third attorney and has only been appointed on this case for six months; the United States Attorney's Office, by contrast, has been involved in the case for more than two years. Based on the facts outlined above, I find that defendant has been diligent in preparing his case, that the continuance serves the useful purpose of ensuring defense counsel is adequately prepared for trial, and that defendant could be prejudiced if I denied the continuance.

The victims' right to have the case resolved in a reasonable timeframe weighs against granting the request for a continuance. In addition, this continuance inconveniences the Court and it undoubtedly also inconveniences the government. But those factors, while important considerations, do not outweigh the defendant's right to due process. A defendant has a right to an attorney who is prepared for trial and it is the rare court-appointed counsel who would have the resources to mount full-scale trial preparation when he reasonably believes the parties have reached a pretrial resolution. To avoid similar last-minute continuances in the future, the United States Attorney's Office should involve supervisors possessing final approval at an earlier stage in the plea negotiation process.

The parties' joint motion for extension of time to file trial documents (doc. 63) is GRANTED and defendant's motion to continue trial (doc. 66) is GRANTED. Trial is continued

eighty-four days and reset for February 26, 2018. Defendant stated at the November 13, 2017 telephonic status conference that he is waiving his rights under the Speedy Trial Act for the period of the continuance. Accordingly and in the interests of justice, the time from December 5, 2017 to March 5, 2018 is excluded under the Speedy Trial Act. I have given due consideration to the victims' rights to a speedy resolution of this matter, but find that a continuance is necessary for the reasons set forth above.

IT IS SO ORDERED.

Dated this 20th day of November 2017.

                                      Ann Aiken
                               United States District Judge