IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD COURTNEY BIGGS,<br><br>Defendant. | Case No. 1:15-cr-00225-AA<br>**OPINION AND ORDER** |

AIKEN, Judge:

Defendant Donald Courtney Biggs moves to continue the date of his jury trial, which is set for February 26, 2018. The government opposes the motion to continue. I denied the motion orally following the February 7, 2018, telephonic hearing on the motion. This opinion and order further explains the reasons behind that denial.

In determining whether a continuance should be granted, I consider (1) defendant's diligence in preparing his case; (2) the likelihood the continuance would serve a useful purpose; (3) whether the continuance would inconvenience the parties, the court, or other witnesses; and (4) whether defendant would be prejudiced by the denial of a continuance. *United States v.*

*Mejia*, 69 F.3d 309, 314 (9th Cir. 1995). I also bear in mind that child victims and witnesses have general and special rights to reasonably prompt judicial proceedings under federal law.

I have carefully considered the relevant factors and conclude that a continuance is not warranted. The first factor favors a continuance, as defendant, through defense counsel Terry Kolkey, has been diligent in preparing his case.

Turning to the second factor, the nature of this case and the fact that Mr. Kolkey's trial preparation only began in earnest in November (after the parties' plea agreement fell through) suggest that granting a continuance might serve a useful purpose. However, it appears that a continuance would in fact have limited utility in this case. In his motion, Mr. Kolkey cited three reasons that a continuance was necessary: both he and his expert needed additional time to review the forensic (video) evidence, which until now has been available to him only on-site during limited hours at the Medford Police station; he needed additional time to review documentary evidence and contact witnesses related to out-of-state trips that form the foundation of the interstate travel counts of the indictment, in part because he did not receive the contact information for potential witnesses until February 2, 2018, due to a redaction error; and he needed additional time to review evidence, including 2200 pages of text messages, related to the evidence described in the government's 404(b) notice. In response to the motion and on the record at the telephonic hearing, the government agreed to address those concerns by, among other actions, (1) making the forensic evidence available twenty-four hours a day, seven days a week, both in Medford and in Portland, where the defense expert is located; (2) dismissing the interstate travel charges; and (3) permitting defense counsel to use the government's technology to search the text messages more quickly.

The hearing on the motion convened at 10:30am on February 6. I adjourned the hearing to permit the lawyers to discuss the government's proposed accommodations. When the hearing reconvened at 2:00pm, Mr. Kolkey and the Assistant United States Attorneys explained that they had reached agreements that would substantially narrow the issues to be adjudicated at trial and, consequently, the evidence Mr. Kolkey would have to review and develop before trial. Mr. Kolkey did not withdraw the request for a continuance, but represented to the Court that he believed he could, with diligent preparation, be ready by February 26. In reliance on that representation and in recognition of the government's willingness to take Mr. Kolkey's motion seriously and offer pragmatic solutions, I conclude that any useful purpose served by a continuance would be very limited.

The third factor weighs heavily against a continuance. This case involves minors who the government plans to call as witnesses; the government represents that some of those individuals will graduate from high school this spring, which means that they may no longer live in the area if this case is delayed four to six months, per the request for a continuance. The trial is set to begin more than two and a half years after defendant was indicted in this case. I have already granted one continuance over the government's objection. The government and court staff have rearrangement their schedules and made travel arrangements to be available for a two-week trial. Jury summonses have already issued. In short, a continuance would significantly inconvenience the witnesses, the government, and the Court.

The fourth and most important factor is prejudice to the defendant. I conclude that defendant will not be prejudiced by the denial of the request for a continuance. Although the concerns Mr. Kolkey raised were valid, the government stepped up to meet those concerns; as a result, the scope of disputed issues in this case narrowed considerably, such that Mr. Kolkey

stated that he believes he can be ready by February 26. I note that in addition to the accommodations made by the government, the Court has agreed to delay pretrial filing deadlines by two full weeks, with pretrial motions briefing now due to be completed just four days before the pretrial conference. That delay further alleviates the risk of prejudice to defendant by giving Mr. Kolkey more time to review the evidence before filing those motions.

Finally, I note that granting a continuance at this juncture would risk violating the rights of the minor victims and witnesses. Crime victims have "the right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7). Moreover, because this is a proceeding in which children will be called to give testimony, the government has requested that this case be designated as "of special public importance," pursuant to 18 U.S.C. § 3509(j). Such designation requires the Court to "ensure a speedy trial in order to minimize the length of time the child must endure the stress of involvement with the criminal process." *Id.* I agree with the government that this case is of special public importance and the request for designation is granted. The statutory rights outlined above and the designation of this case as of special importance further weigh against granting a continuance.

Defendant's motion to continue trial (doc. 82) is DENIED. Trial will proceed as scheduled on February 26, 2018.

IT IS SO ORDERED.

Dated this 7th day of February 2018.

Ann Aiken
United States District Judge